IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EUN S. KIM

    v.                    Civil Action No. DKC 09-2973

JACK POTTER, et al.

**MEMORANDUM OPINION**

Presently pending and ready for review in this employment discrimination case are the motion of Defendants Jack Potter, Wendy McElwain, and Dave Preston to dismiss Plaintiff's complaint (Paper 9) and Plaintiff's motions to recuse, to appoint counsel, and to dismiss the individual Defendants except for Jack Potter (Paper 16). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion to recuse will be denied, Plaintiff's motion to appoint counsel will be denied, Defendants' motion to dismiss will be granted, and Plaintiff's motion to dismiss the individual Defendants except for Jack Potter will be granted.

**I.    Background**

Plaintiff Eun S. Kim was an employee of the United States Postal Service ("USPS") for twenty-three years. (Paper 9, Attach. 2, at 5). Defendants are Jack Potter, the USPS

Postmaster General, Wendy McElwain and Dave Preston, USPS employees, Cary Windsor, and Chi Thai.

Plaintiff's complaint alleges that Plaintiff was absent from work between July and December of 2008 for various health issues. (Paper 1, Attach. 1, at 2). Plaintiff's supervisors granted Plaintiff some leave without pay, but Plaintiff did not attend pre-disciplinary interviews, return to duty, or provide timely medical documentation for her absence. (Paper 9, Attach. 2, at 5). Plaintiff was notified by the USPS on December 6, 2008 that she would be removed from employment within thirty days. (Paper 1, Attach. 1, at 1).

After Plaintiff received the letter notifying her of her removal, Plaintiff initiated a grievance in accordance with negotiated procedures pursuant to Article 15 of the collective bargaining agreement between the Postal Service and the American Postal Workers Union, AFL-CIO. (Paper 9, Attach. 2, at 5). Plaintiff filed her grievance either at the end of 2008 or in January 2009. (*Id.* at 3). After a "Step 1" meeting and a "Step 2" appeal, Plaintiff pursued an appeal to arbitration. Two hearings were held before the arbitrator, on October 29, 2009 and on November 19, 2009. (*Id.* at 1). The arbitrator ultimately denied Plaintiff's union grievance. (*Id.* at 11-12).

Plaintiff filed an informal complaint with the Equal Employment Opportunity Commission ("EEOC") on November 2, 2009. (Paper 9, Attach. 4, at 1). Plaintiff filed a complaint in this court on November 9, 2009, alleging race, color, sex, age, national origin, and disability discrimination. (Paper 1). Defendants Jack Potter, Wendy McElwain, and Dave Preston filed a motion to dismiss Plaintiff's complaint on February 22, 2010. (Paper 9). Plaintiff filed motions to recuse, to appoint counsel, and to dismiss the individual Defendants except for Jack Potter on May 10, 2010. (Paper 16).

**II. Motion for Recusal**

**A. Standard of Review**

Plaintiff filed a motion to assign a new judge to this case. 28 U.S.C. § 455 governs disqualification of judges. Section 455(a) provides that a judge or justice "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The critical question presented by this sub-section "'is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances.'" *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998), *cert. denied*, 526 U.S. 1137 (1999)(quoting

3

*Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995); *Aiken County v. BSP Division of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir. 1989)). The United States Court of Appeals for the Fourth Circuit has thus adopted an objective standard which asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses "all the facts and circumstances." *Id.* (citation omitted); *see also Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co., Inc., et al.*, 535 U.S. 229, 232-33 (2002)(*per curiam*)(reaffirming the holding in *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861 (1988), that § 455(a) "requires judicial recusal 'if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge' of his interest or bias in the case."). *See also*, *Caperton v. A.T. Massey Coal Co., Inc.*, 129 S.Ct. 2252 (2009).

**B. Analysis**

At the outset, the court is satisfied that it may decide this motion for recusal. 28 U.S.C. § 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another

4

> judge shall be assigned to hear such proceeding.

"To be considered legally sufficient, [an affidavit] must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case." *Sine v. Local No. 992 Int'l Brotherhood of Teamsters,* 882 F.2d 913, 914 (4th Cir. 1989)(citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984); *Fitzgerald v. Penthouse International Ltd.*, 691 F.2d 666 (4th Cir. 1982)). "A judge's actions or experience in a case or related cases or attitude derived from his experience on the bench do not constitute a basis to allege personal bias." *Id.* at 915 (citing *Shaw*, 733 F.2d at 308).

Here, Plaintiff has alleged that the court is biased in favor of Defendants because it has twice refused Plaintiff's motions to appoint counsel. (Paper 16, at 1-7). Additionally, Plaintiff mistakes Defendants' United States government attorneys for court-appointed attorneys. (*Id.* at 3). Plaintiff does not allege a bias or prejudice caused by an extrajudicial source that would make her affidavit sufficient under Section 144.

Furthermore, Section 144 requires that an affidavit alleging a judge's bias or prejudice "shall be accompanied by a

certificate of counsel of record stating that it is made in good faith." Here, Plaintiff's motion was not accompanied by a certificate stating that her motion was made in good faith. Because Plaintiff's motion or affidavit is lacking in sufficiency and is unaccompanied by a certificate, Plaintiff's motion need not be considered by another judge.

Plaintiff's motion for recusal fails for the same reasons. "Alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Shaw*, 733 F.2d at 308. Pursuant to the standard adopted by the Fourth Circuit with respect to § 455(a), the court must assess whether a reasonable observer, cognizant of all relevant information, might reasonably question the court's impartiality in this matter. Plaintiff has not alleged any bias or prejudice stemming from an extrajudicial source. A reasonable, well-informed observer could not reasonably question the court's impartiality in this matter based on Plaintiff's allegations. Therefore, Plaintiff's motion to recuse will be denied.

**III. Motion to Appoint Counsel**

Plaintiff, for the third time, asks the court to appoint counsel to represent her. (Paper 16, Attach. 1, at 7). As the

6

court stated before, "[A] federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)." (Paper 12, at 102). Thus far, Plaintiff has demonstrated the wherewithal either to articulate the legal and factual basis of her claims herself or to secure meaningful assistance in doing so. The court again determines that there are no exceptional circumstances at this time which would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1). Therefore, Plaintiff's motion to appoint counsel will be denied.

**IV. Motion to Dismiss Individual Defendants Except for Jack Potter**

Plaintiff asks the court to dismiss all of the individual Defendants in this case except for Jack Potter. (Paper 16, at 8). Those individual Defendants are Wendy McElwain, David Preston, Cary Windsor, and Chi Thai. Defendants' motion to dismiss also requests that the court dismiss Wendy McElwain and David Preston as Defendants.

The only proper defendant to a federal-sector employment discrimination action under Title VII, the Rehabilitation Act, or the ADEA is the "head of the department, agency, or unit . .

7

. ." 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(1)(1); 29 U.S.C. § 633a(b)&(c). Accordingly, the court concurs with the parties that Defendant Potter is the only proper Defendant in this case, and Wendy McElwain, David Preston, Cary Windsor, and Chi Thai will be dismissed as Defendants. Plaintiff's motion to dismiss those Defendants will be granted.

**V.    Motion to Dismiss**

    **A.    Standard of Review**

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed.R.Civ.P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

**B. Analysis**

Defendants move to dismiss Plaintiff's complaint because she failed to exhaust her administrative remedies for her Title VII and Rehabilitation Act claims, and did not timely notify the EEOC of her intention to file an ADEA claim in federal court. Defendants argue that Plaintiff was required to file an EEOC complaint regarding her Title VII and Rehabilitation Act claims within forty-five days of the alleged acts of discrimination. (Paper 9, Attach. 1, at 7 n.5)(citing 29 C.F.R. § 1614.105(a)(1)). Defendants also argue that, while Plaintiff did not have to file a complaint with the EEOC for her ADEA claim before filing that claim in federal court, Plaintiff had to give thirty days of advance notice to the EEOC before doing so, within 180 days of Plaintiff's alleged age discrimination. (Paper 9, Attach. 1, at 7 n.4)(citing *Lurie v. Meserve*, 214 F.Supp.2d 546, 550-51 (D.Md. 2002); *Harris v. Potter*, No. CCB-08-3280, 2009 WL 2853708, at *3 (D.Md. Aug. 28, 2009)).

Plaintiff counters that she has exhausted all of "the channels" to resolve her complaint within the USPS and it is now proper for her to bring her claims in federal court. (Paper 17, at 1). Plaintiff notes that she pursued an administrative grievance process through her local union. Plaintiff contends that her union representatives informed her of three channels to

challenge her termination – the internal union process, the EEOC, and the federal district court – and "told Plaintiff that [the] three channels are totally independent, and could be pursued of [sic] separately without interfering one to another at any time of Plaintiff's choice within the specified time limits." (*Id.* at 2). Plaintiff notes that she filed a complaint with the EEOC on November 2, 2009 and a complaint with this court on November 9, 2009. (*Id.* at 2-3). Plaintiff argues that her EEO complaint was timely filed within forty-five calendar days of the "effective date" of the discriminatory action because the actual removal action has not yet occurred. (*Id.* at 3). Plaintiff asserts that she received a dismissal of her formal EEO complaint on April 11, 2010. (*Id.*).

Before a federal civilian employee may file suit under Title VII, she must first exhaust her administrative remedies. 42 U.S.C. § 2000e-16(c); *See Laber v. Harvey*, 438 F.3d 404, 415 (4th Cir. 2006). Plaintiff's Rehabilitation Act claims are also governed by the exhaustion requirements and filing procedures applicable to Title VII claims against federal employers. 29 U.S.C. § 794a(a)(1); 29 C.F.R. § 1614.103(a). Prior to filing a charge of discrimination with the EEOC, a federal civilian employee has forty-five days to initiate contact with an EEO counselor after the occurrence of an employment action or

matter that she believes to be discriminatory. 29 C.F.R. § 1614.105(a)(1) states that federal employees

> who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must . . . initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

If the matter is not resolved, the complainant may then file an EEO complaint. 29 C.F.R. § 1614.105(d). Title VII further requires that a charge of discrimination "shall be in writing under oath or affirmation and shall contain such information and be in such form as the [EEOC] requires." 42 U.S.C. § 2000e-5(b). The scope of the employee's right to file a federal lawsuit is determined by the charge's contents. *Jones v. Calvert Group Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Failure by the employee to exhaust administrative remedies concerning a Title VII or Rehabilitation Act claim deprives the federal courts of subject matter jurisdiction over the claim. The initial inquiry under any Title VII or Rehabilitation Act claim must be to ensure that all administrative prerequisites have been fulfilled, before considering the merits of the claim.

In *Smith v. Potter,* 445 F.3d 1000 (7th Cir. 2006), the United States Court of Appeals for the Seventh Circuit

elaborated on meaning of "effective date" in 29 C.F.R. § 1614.105(a)(1). The court stated:

> The Supreme Court has consistently instructed that, in determining when such an action accrues, the "proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." *Del. State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *see Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed. 2d 6 (1981)(per curium). This court has expanded on that framework, essentially creating a two-prong test to determine the date of an unlawful employment practice: (1) "there must be a final, ultimate, non-tentative decision to terminate the employee"; and (2) "the employer must give the employee 'unequivocal' notice of its final termination decision." *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004)(quoting *Dvorack v. Mostardi Platt Assocs., Inc.*, 289 F.3d 479, 486 (7th Cir. 2002))(internal citations omitted).

*Id.* at 1007. The court applied the two-prong *Flannery* test to determine the effective date in the plaintiff's case, in which the Postal Service had sent a letter notifying the plaintiff that her employment would be terminated on a particular date; the court explained:

> Applying the *Flannery* factors to Smith's cause of action, it is clear that she was both subject to a "final, ultimate, non-tentative [employment] decision" and that she was unequivocally notified of that decision. The first sentence of the letter that was sent to Smith on October 22, 1998 conspicuously states: "You are hereby

12

>     notified that you will be removed from the
>     Postal Service on November 27, 1998." . . .
>     It is unlikely that a reasonable person in
>     Smith's position could reasonably draw any
>     conclusion from that language, except that
>     the Postal Service had made a "final,
>     ultimate, non-tentative [employment]
>     decision," and that the effective date of
>     that action was November 27, 1998. *See
>     Ricks*, 449 U.S. at 258, 101 S.Ct. 498.

*Id.*

Here, Plaintiff alleges that she was terminated because of race, color, sex, age, national origin, and disability. (Paper 1, at 2). In its letter to Plaintiff, the Postal Service informed Plaintiff of its decision to remove her from employment within thirty days of December 6, 2008. Following the reasoning of *Smith*, the effective date of Plaintiff's removal was January 5, 2009. Plaintiff did not contact an EEO counselor until November 2, 2009, far beyond forty-five days after the effective date of Plaintiff's removal.

Furthermore, the fact that Plaintiff went through her union's grievance procedure and arbitration before contacting the EEOC did not toll the forty-five day time limit. In *Smith*, the Seventh Circuit refused the plaintiff's identical argument, in which the plaintiff contended that the court should refer to the date that her union grievance process was concluded to calculate the forty-five day time limit for initiating contact

13

with an EEOC Counselor under 29 C.F.R. § 1614.105(a)(1). The Seventh Circuit stated:

> As the Supreme Court held in *Ricks*, the "pendency of a grievance, or some other method of collateral review of an employment decision does not toll the running of the limitations period." *Ricks*, 449 U.S. at 258, 101 S.Ct. 498. (emphasis in original). Accordingly, in Smith's case the limitations period began to run on the effective date of her termination, and her participation in the union grievance process would not toll the running of the statute of limitations . . . .

*Smith*, 445 F.3d at 1007 n.19. Additionally, Plaintiff is not entitled to an equitable extension because her union representatives may have misled her about the EEOC time limit. *See Kotokis v. U.S. Postal Serv.*, 223 F.3d 275, 280-81 (4th Cir. 2000)("because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action'")(quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). Therefore, Plaintiff's claims based on Title VII and the Rehabilitation Act will be dismissed.

The ADEA does not require that a plaintiff must contact the EEOC within forty-five days of the alleged discriminatory action to bring an ADEA claim in federal court. The ADEA allows a plaintiff the option of filing in federal court without filing a

complaint with the EEOC, but the plaintiff must give the EEOC at least thirty days notice and only if the notice is filed within 180 days of the alleged age discrimination. *See Lurie*, 214 F.Supp.2d at 550-51.

Plaintiff did not satisfy either of the time requirements under the ADEA. Plaintiff filed her complaint in this court only a week after she filed her EEOC complaint, and she notified the EEOC of her discrimination claims long after the 180 day window for notice expired. Therefore, Plaintiff's ADEA claim will be dismissed.

## VI. Conclusion

For the foregoing reasons, Plaintiff's motion to recuse will be denied, Plaintiff's motion to appoint counsel will be denied, Defendants' motion to dismiss will be granted, and Plaintiff's motion to dismiss the individual Defendants except for Jack Potter will be granted. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge